UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUISE GAMBLE,

                          Plaintiff,

v.                                                    1:15-CV-0352
                                                      (GTS/WBC)
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                          OF COUNSEL:

BUCKLEY, MENDLESON LAW FIRM                            IRA MENDLESON, III, ESQ.
  Counsel for Plaintiff
29 Wards Lane
Albany, NY 12204

U.S. SOCIAL SECURITY ADMIN.                            DAVID L. BROWN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II               SANDRA M. GROSSFELD, ESQ.
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## REPORT and RECOMMENDATION

        This matter was referred for report and recommendation by the Honorable Judge

Suddaby, Chief United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local

Rule 72.3(d).  (Dkt. No. 15.)  This case has proceeded in accordance with General

Order 18.

        Currently before the Court, in this Social Security action filed by Louise Gamble

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-

motions for judgment on the pleadings. (Dkt. Nos. 10, 13.) For the reasons set forth below it is recommended that this matter be remanded for further proceedings under Sentence Four of 42 U.S.C. § 405(g).

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on November 13, 1960. (T. 103.) She completed high school. (T. 120.) Generally, Plaintiff's alleged disability consists of right lumbar radiculitis, right knee popliteal spasm, nerve damage to low left back/hip, two bulging discs, carpal tunnel syndrome, arthritis in the right hand, left shoulder injury, a "dropped metatarsal bone" in her right foot, and blackouts. (T. 119.) Her alleged disability onset date is January 15, 2007. (T. 49.) Her date last insured is March 30, 2012. (T. 116.) She previously worked as a certified nurse's aide ("CNA"). (T. 120.)

### B. Procedural History

On April 17, 2012, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 116.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 20, 2011, Plaintiff appeared before the ALJ, Dale Black-Pennington. (T. 26-48.) On September 11, 2013, ALJ Black-Pennington issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 10-25.) On February 23, 2015, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

## C.    The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 15-22.)  First, the ALJ found that Plaintiff met the insured status requirements through March 30, 2012 and Plaintiff had not engaged in substantial gainful activity since January 15, 2007.  (*Id.*)  Second, the ALJ found that Plaintiff had the severe impairments of back disorder with degenerative changes, left hip disorder, right knee disorder, and left shoulder disorder.  (*Id.*)  Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (*Id.*)  Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work with additional non-exertional limitations.  (*Id.*)[1]  The ALJ determined that Plaintiff required the ability to move about and change positions for comfort, but would not be off task while changing positions.  (*Id.*)  The ALJ determined that Plaintiff could occasionally squat, stoop, crouch, and crawl.  (*Id.*)  She determined that Plaintiff could frequently, but not repetitively or continuously, reach with her left arm.  (*Id.*)  The ALJ determined that Plaintiff must avoid concentrated exposures to temperature extremes and Plaintiff must avoid unprotected heights, vibrations, and moving mechanical parts.  (*Id.*)  Fifth, the ALJ determined that Plaintiff was incapable of performing her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 20-21.)

---

[1]    Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).

## II.    THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes four separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ's determination, that Plaintiff could perform light work, was not supported by substantial evidence.  (Dkt. No. 10 at 8-11 [Pl.'s Mem. of Law].)  Second, Plaintiff argues the ALJ failed to follow the treating physician rule. (*Id.* at 12-13.)  Third, Plaintiff argues the ALJ's credibility analysis was not supported by substantial evidence.  (*Id.* at 14-15.)  Fourth, and lastly, Plaintiff argues the ALJ's determination should be reversed and the matter should be remanded for calculation of benefits.  (*Id.* at 16.)

### B.    Defendant's Arguments

In response, Defendant makes four arguments.  First, Defendant argues the ALJ properly declined to grant controlling weight to Plaintiff's treating physician.  (Dkt. No. 13 at 5-7 [Def.'s Mem. of Law].)  Second, Defendant argues that substantial evidence supported the ALJ's RFC determination.  (*Id.* at 7-12.)  Third, Defendant argues the ALJ did not err in evaluating Plaintiff's credibility.  (*Id.* at 12-16.)  Fourth, and lastly, Defendant argues an award of benefits is not warranted.  (*Id.* at 16-17.)

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were

not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a de novo review."

*Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

For ease of analysis, Plaintiff's arguments will be addressed out of order and in a consolidated manner.

### A. Medical Opinion Evidence in the Record

#### i.) Treating Physician, James J. Cole, M.D.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 404.1527(c)(2)(i)-(iv). The ALJ is required to set forth her reasons for the weight she assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)).

Plaintiff argues that the ALJ erred in her assessment of Plaintiff's treating source, Dr. Cole, because she failed to assess his opinion in accordance with the Regulations. (Dkt. No. 10 at 12-13 [Pl.'s Mem. of Law].)[2]

Treatment notations from Dr. Cole span from 2007 to 2011. Dr. Cole essentially opined, on numerous occasions, that Plaintiff was limited to lifting no more than ten or twelve pounds. On November 13, 2006 and December 12, 2006, Dr. Cole opined Plaintiff could not lift more than ten pounds and could not push more than twenty pounds. (T. 229-230, 251-252.) On August 30, 2007, Dr. Cole opined Plaintiff had a "strict" ten pound lifting limit. (T. 219.) On October 17, 2007, Dr. Cole opined Plaintiff

---

[2] Plaintiff erroneously cited to the outdated Regulations regarding treatment of a plaintiff's treating source. The proper citation is 20 C.F.R. § 404.1527(c)(2).

was restricted for lifting over ten pounds. (T. 218.) On January 10, 2008, Dr. Cole

opined that Plaintiff could not lift over twelve pounds. (T. 216-217.) On March 19,

2008, Dr. Cole opined Plaintiff was capable of "below sedentary work." (T. 215.) On

June 19, 2008, Dr. Cole opined Plaintiff "persist[ed] at low sedentary level." (T. 214.)

On September 11, 2008, Dr. Cole stated that Plaintiff "continu[ed] at marked disability,

low sedentary" and it was "appropriate for her to retrain for a more clerical position." (T.

210.) On November 2, 2008, Dr. Cole opined that Plaintiff could not lift over ten

pounds. (T. 208.) On May 15, 2009, Dr. Cole stated Plaintiff was at "no-lifting capacity"

at work due to her injury. (T. 203.) On August 23, 2010, Dr. Cole opined Plaintiff could

return to work, provided that she not lift at all. (T. 198.) On November 22, 2010, Dr.

Cole opined that Plaintiff could return to work, provided that she not lift at all. (T. 196.)

On various occasions Dr. Cole opined that Plaintiff could not return to work in any

capacity due to her "weak right back, leg, and knee." (T. 190, 192, 194, 241.)

Dr. Cole opined only to Plaintiff ability to lift, his assessments were otherwise

silent regarding Plaintiff's functional abilities. Although Dr. Cole's notations dated June

19, 2008, indicated he completed a VESID[3] form (T. 214) and notations dated March 2,

2009, indicated he completed a "work restrictions form" for Plaintiff's attorney (T. 204),

these forms were not found in the record. (T. 204.)

In her decision, the ALJ accurately summarized Dr. Cole's treatment notations,

including his opinions that Plaintiff was essentially limited to lifting ten pounds. (T. 17-

18.) The ALJ afforded Dr. Cole's lifting limitations "little weight" reasoning that the

limitations were inconsistent with Plaintiff's testimony that she performed a variety of

---

[3]     Vocational and Educational Services for Individuals with Disabilities ("VESID") is now
referred to as Adult Career and Continuing Education Services – Vocational Rehabilitation ("ACCES-
VR"). http://www.acces.nysed.gov/

household chores and performed childcare. (T. 20.) For the reasons stated herein, the ALJ failed to provide good reasons for affording little weight to Dr. Cole's opinion.

The ALJ did not provide any other explanation for why Dr. Cole's opinion was not "well-supported by medically acceptable ... techniques" or "inconsistent with the other substantial evidence," 20 C.F.R. § 404.1527(c)(2), nor did she explicitly consider any of the factors for determining the weight given to a non-controlling opinion, *see id.* § 404.1527(c)(2)(i), (2)(ii), (3)-(6); *Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015).

To be sure, where an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear"). However, here the ALJ's reasoning and adherence to the Regulations was not clear because the ALJ did not provide any other explanation in her analysis of Dr. Cole's opinion. The ALJ's discussion of Dr. Cole's opinion failed to include an analysis of why the opinion was, or was not, well supported by other medical evidence or why the opinion was, or was not, consistent with other substantial evidence in the record.

Further, the reason provided by the ALJ for rejecting Dr. Cole's lifting limitation, that it was inconsistent with Plaintiff's testimony regarding house work and childcare, was improper. To be sure, the ability to care for an infant, or small child, may require a plaintiff to lift and carry more than ten pounds; however, here Plaintiff's grandchildren were teenagers at the time of the hearing. (T. 30.) Plaintiff testified that her care of her

grandchildren encompassed "feeding them" and that often her husband prepared meals or they ordered out.  (T. 128-129.)  Plaintiff informed the consultative examiner that she had a "cleaning lady" (T. 263.)  Therefore, it was unclear from the ALJ's determination how Plaintiff's activities of daily living and ability to care for teenagers was inconsistent with Dr. Cole's opinion.

In sum, the ALJ failed to follow the treating physician rule under 20 C.F.R. § 404.1527(c)(2).  In her analysis of Dr. Cole's opinion the ALJ did not provide any explanation for why the opinion was not well supported by medical evidence or inconsistent with other substantial evidence.  Instead the ALJ relied solely on Plaintiff's ability to perform housework and childcare; however, it is unclear from her decision how Plaintiff's testimony regarding her house work and childcare was inconsistent with Dr. Cole's lifting limitations.

**ii.)    State Agency Medical Examiners**

Plaintiff argues the ALJ erred in affording more weight to the State agency examiners than to Dr. Cole.  (Dkt. No. 10 at 9 [Pl.'s Mem. of Law].)  Providing greater weight to the opinion of a consultative examiner, or non-examining State agency medical consultant, does not warrant automatic remand as Plaintiff appears to argue.  It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e).

"[A]n ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be

qualified experts in the field of social security disability." *Baszto v. Astrue,* 700 F. Supp. 2d 242, 249 (N.D.N.Y. 2010). The Regulations recognize that the Commissioner's consultants are highly trained physicians with expertise in evaluation of medical issues in disability claims whose "opinions may constitute substantial evidence in support of residual functional capacity findings." *Lewis v. Colvin*, 122 F. Supp. 3d 1, at 7 (N.D.N.Y. 2015) (citing *Delgrosso v. Colvin,* 2015 WL 3915944, at *4 (N.D.N.Y. June 25, 2015), *adopting Report & Recommendation*, (rejecting similar "global objection to reliance on nonexamining medical advisers' opinions")); *see also Leach ex. Rel. Murray v. Barnhart,* No. 02-CCV-3561, 2004 WL 99935, at *9 (S.D.N.Y.Jan.22, 2004) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.").

Here, consultative examiner, Jose Corvalan, M.D. examined Plaintiff and supplied a medical source statement on June 13, 2012. (T. 262-266.) Based on his examination of Plaintiff he opined that she had:

> mild limitations for the use of the left upper extremity because of pain in the left scapula and shoulder. This mild limitation is for reaching up, reaching back, or lifting heavy object[s]. She also [had] mild limitation for sitting and standing for a long period of time, walking [a] long distance, bending, squatting, or lifting any heavy object. This is due to low back pain radiating to the left lower extremity down to her toes with peripheral neuropathy of the left side.

(T. 266.)

Based on Dr. Corvalan's examination and opinion, non-examining State agency consultant, Joyce Goldsmith, M.D., opined that Plaintiff was capable of performing the exertional requirements of light work. (T. 274.) Dr. Goldsmith opined Plaintiff could

perform postural requirements occasionally, except that she should never climb ladders, ropes, or scaffolds.  (T. 276.)  She opined Plaintiff was limited in her ability to reach in all directions.  (*Id.*)  Dr. Goldsmith opined Plaintiff should avoid concentrated exposure to extreme cold and wetness; should avoid even moderate exposure to vibrations; and should avoid all exposure to hazards.  (T. 277.)

Plaintiff argues that Dr. Corvalan's opinion was "too vague" to constitute substantial evidence.  (Dkt. No. 10 at 9 [Pl.'s Mem. of Law].)  To be sure, a consultative examiner's report which concludes that a plaintiff's condition is "mild" or "moderate," without additional information, does not allow an ALJ to infer that a plaintiff is capable of performing the exertional requirements of work.  *See Curry v. Apfel,* 209 F.3d 117, 123 (2d Cir. 2000), *superseded by statute on other grounds; see Selian v. Astrue,* 708 F.3d 409, 421 (2d Cir. 2013) (consultative examiner's opinion was "remarkably vague" and meaning was left to the ALJ's "sheer speculation"); *see Carrube v. Astrue,* No. 3:08-CV-0830, 2009 WL 6527504, at *8 (N.D.N.Y. Dec. 2, 2009) (remanding where consultative examiner's opinion on claimant's ability to lift weight, was so vague that the court "cannot fathom what might support the ALJ's conclusion that Plaintiff could lift and carry twenty-five to fifty pounds"), *report and recommendation adopted by,* 2010 WL 2178499 (N.D.N.Y. May 28, 2010).  Additionally, the "use of imprecise and nebulous terms regarding functional limitations raises a red flag."  *Anderson v. Colvin*, No. 5:12-CV-1008, 2013 WL 5939665, at *9 (N.D.N.Y. Nov. 5, 2013).

Although a consultative examiner's opinion may use terminology that, on its face, is vague, such language does not render the consultative examiner's opinion useless in all situations.  *Zongos v. Colvin*, No. 5:12-CV-1007, 2014 WL 788791, at *10 (N.D.N.Y.

Feb. 25, 2014) ("[W]hether an [ALJ's] reliance on a consultative examiner's vague opinion is reversible error is contextual rather than *per se*. Reviewing courts must weigh the impart of vague opinion in its unique factual circumstance."). Courts have held that terms such as "mild" and "moderate" pass substantial evidence muster when medical evidence shows relatively little physical impairment. *Waldau v. Astrue,* No. 5:11-CV-925, 2012 WL 6681262, at *4 (N.D.N.Y. Dec.21, 2003); *Walker v. Astrue,* No. 08-CV-0828, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010) (finding that where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment); *see Tolhurst v. Comm'r of Soc. Sec.*, No. 5:15-CV-0428, 2016 WL 2347910, at *5 (N.D.N.Y. May 4, 2016) (holding that a consultative examiner's opinion was too vague to support a finding that plaintiff could perform sedentary work because the ALJ determined, at step two, that plaintiff suffered from back disorders, knee disorders, and Factor V Leiden; and therefore, plaintiff did not have relatively little physical impairments).

Further, courts have held that a consultative examiner's conclusion was not impermissibly vague where the conclusion was "well supported by his extensive examination." *Waldau*, 2012 WL 6681262, at *4; *Mauzy v. Colvin*, No. 5:12-CV-866, 2014 WL 582246, at *9 (N.D.N.Y. Feb. 13, 2014). Courts have also held that medical source statements from consultative examiners which provide vague language may be rendered "more concrete" by the facts in the underlying opinion and other opinion evidence in the record. *Davis v. Massanari*, No. 00-CV-4330, 2001 WL 1524495, at *8 (S.D.N.Y. Nov. 29, 2001) (a consultative examiner's opinion was not too vague where

"the facts underlying that opinion and the other medical opinions in the record lend it a more concrete meaning"); *see Sweeting v. Colvin,* No. 12-CV-0917, 2013 WL 5652501, at *8 (N.D.N.Y. Oct. 15, 2013) (plaintiff's contention that consultative examiner's use of the term "moderate" in his opinion was vague lacked merit as consultative examiner made specific findings based on physical examination of plaintiff); *Melton v. Colvin*, No. 13-CV-6188, 2014 WL 1686827, at *13 (W.D.N.Y. Apr. 29, 2014) (substantial evidence supported ALJ's RFC determination that plaintiff could perform sedentary work were consultative examiner opined plaintiff had moderate limitations in lifting and carrying and other objective evidence in the record to supported this determination).

Dr. Corvalan's opinion regarding Plaintiff's functional abilities utilized vague terminology; however, Dr. Corvalan conducted a physical examination which was detailed in his report and Dr. Goldsmith provided specific functional limitations based on Dr. Corvalan's examination and report, thus providing definition to Dr. Corvalan's limitations. Therefore, Dr. Corvalan's use of vague terminology did not, in this case, render his opinion useless.

Plaintiff also argued that the ALJ erred in affording Dr. Corvalan's opinion more weight than Dr. Cole's opinion because Dr. Corvalan did not have the opportunity to review the medical record and Dr. Corvalan was not a specialist. (Dkt. No. 10 at 9 [Pl.'s Mem. of Law].) According to the Regulations, specialty is one factor to consider in the overall evaluation of the medical opinion evidence. 20 C.F.R. § 404.1527(c)(5). Further, under the Regulations, a consultative examiner is not required to review a plaintiff's medical record. *Id.* at § 404.1519n. The ALJ did not commit legal error in failing to specifically mention these factors in her decision; however, because remand is

recommended for a proper evaluation of Dr. Cole's opinion, this recommendation should not be read as to preclude a review of other medical opinions in light thereof.

The opinions of Drs. Corvalan and Goldsmith provided substantial evidence to support the ALJ's determination that Plaintiff had the functional capacity to perform the walking, sitting, and standing requirements of light work. The record does not contain any other medical source opinion regarding Plaintiff's functional ability to walk, sit, stand, or perform postural limitations. However, there is a conflict in the record regarding the amount of weight that Plaintiff could lift and carry.

Although Plaintiff requests remand for calculation of benefits, remand for further proceedings is appropriate. (Dkt. No. 10 at 16-17 [Pl.'s Mem. of Law].) The Second Circuit has held that in some cases it is appropriate to remand for payment of benefits where there is "no apparent basis to conclude that a more complete record might support the Commissioner's decision," *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2004), *amended on other grounds*, 416 F.3d 101 (2d Cir. 2005), and evidence of disability is "overwhelming," *Shaw v. Chater*, 221 F.3d 126, 135 (2d Cir. 2000). Here, there is a conflict in the record which needs to be resolved by the ALJ regarding Plaintiff's ability to lift. Dr. Cole opined Plaintiff could lift up to ten to twelve pounds; however, Dr. Goldsmith opined (based on Dr. Corvalan's examination and medical source statement) that Plaintiff could lift and carry up to twenty pounds occasionally and ten pounds frequently.

In addition, substantial evidence supported the ALJ's determination that Plaintiff could perform the standing, walking, and postural limitations of light work with additional non-exertional limitations; however, assuming Dr. Cole's weight limitation was adopted,

a limitation to lifting ten pounds does not necessarily limit Plaintiff to sedentary work. *See Pardee v. Astrue*, 631 F. Supp. 2d 200 (N.D.N.Y. 2009). The testimony of a VE may be necessary to determine if any occupations exist in the nation economy that Plaintiff could perform if limited to lifting ten pounds. Therefore, on remand, the ALJ should clarify Plaintiff's ability to lift.

**B.     Function by Function Analysis**

Plaintiff argues the ALJ erred in her RFC determination that Plaintiff could perform light work because she failed to conduct a function by function analysis. (Dkt. No. 10 at 10 [Pl.'s Mem. of Law].) The Second Circuit has held that the failure to explicitly engage in a function-by-function analysis as part of the RFC assessment does not constitute a per se error requiring remand. *See Chichocki v. Astrue,* 729 F.3d 172, 174 (2d Cir. 2013). Therefore, contrary to Plaintiff's argument, the ALJ did not commit reversible error in failing to engage in a function by function analysis.

**C.     The ALJ's Credibility Determination**

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly

and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

The ALJ must employ a two-step analysis to evaluate the claimant's reported symptoms. *See* 20 C.F.R. § 404.1529; SSR 96-7p. First, the ALJ must determine whether, based on the objective medical evidence, a plaintiff's medical impairments "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a); SSR 96-7p. Second, if the medical evidence establishes the existence of such impairments, the ALJ must evaluate the intensity, persistence, and limiting effects of those symptoms to determine the extent to which the symptoms limit the claimant's ability to do work. *See id.*

At this second step, the ALJ must consider: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to relieve his pain or other symptoms; (5) other treatment the claimant receives or has received to relieve his pain or other symptoms; (6) any measures that the claimant takes or has taken to relieve his pain or other symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to his pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i)-(vii); SSR 96-7p.

Here, the ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms; however, her statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (T. 16.)

Plaintiff argues the ALJ erred in her credibility analysis because she selectively relied on only portions of the record, improperly relied on Plaintiff's conservative course of treatment, erred in concluding Plaintiff's statements were inconsistent with her RFC determination, and failed to consider the factors outlined in 20 C.F.R. § 404.1529(c)(3)(i)-(vii). Because remand is recommended for a proper evaluation of Dr. Cole's opinion, remand is also recommended for a proper credibility analysis. However, contrary to Plaintiff's contentions, the ALJ did not fail to adhere to the Regulations in her credibility analysis.

Despite the ALJ concluding elsewhere in her determination that Plaintiff was less credible because her testimony was inconsistent with the RFC determination (T. 19)[4], the ALJ did not fail to adhere to the Regulations. The ALJ considered Plaintiff's activities of daily living (T. 16, 19), she considered Plaintiff's testimony regarding her symptoms (T. 16); she considered Plaintiff's medical care, treatment, and medications (T. 17-18). Therefore, contrary to Plaintiff's contention, the ALJ did not fail to adhere to the Regulations at 20 C.F.R. § 404.1529(c)(3)(i)-(vii). Despite the ALJ's adherence to

---

[4] Although a "[plaintiff's] credibility may be questioned if it is inconsistent with the medical evidence . . . , it is improper to question the plaintiff's credibility because it is inconsistent with the RFC determined by the ALJ." *Gehm v. Astrue*, 10-CV-1170, 2013 WL 25976, at *5 (N.D.N.Y. Jan. 2, 2013); *see also Patterson v. Astrue*, 11-CV-1143, 2013 WL 638617, at *14 (N.D.N.Y. Jan. 24, 2013) ("This assessment of plaintiff's credibility is formed only on the basis of how plaintiff's statements compare to the ALJ's RFC assessment. The ALJ's analysis is therefore fatally flawed, because, it demonstrates that he improperly arrived at his RFC determination before making her credibility assessment, and engaged in a credibility assessment calculated to conform to that RFC determination."). Therefore, the ALJ did improperly conclude Plaintiff's statements were not credible in that they were inconsistent with the RFC determination; however, this error was harmless.

Courts have concluded that despite this language, an ALJ's credibility determination may still be proper, if the ALJ provided a detailed discussion of a plaintiff's credibility "explicitly and with sufficient specificity to enable the court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270. Further, it is the function of the ALJ, not the reviewing courts to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the plaintiff. *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1982).

the Regulations, remand is nonetheless recommended for a new credibility analysis in light of a proper analysis of Dr. Cole's opinion.

**ACCORDINGLY**, based on the findings above, it is

**RECOMMENDED**, that the matter be **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g) and consistent with this report.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have **FOURTEEN (14) DAYS** within which to file written objections to the foregoing report. Any objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated:     July 25, 2016

William B. Mitchell Carter
U.S. Magistrate Judge