UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUISE GAMBLE,

                Plaintiff,

v.                                                                                          1:15-CV-0352
                                                                                                        (GTS/WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                              OF COUNSEL:

BUCKLEY, MENDLESON, CRISCIONE & QUINN          IRA MENDLESON, III
  Counsel for Plaintiff
29 Wards Lane
Albany, NY 12204

U.S. SOCIAL SECURITY ADMIN.                             DAVID L. BROWN, ESQ
OFFICE OF REG'L GEN. COUNSEL                         SANDRA M. GROSSFELD, ESQ.
– REGION II
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Louise Gamble, against

the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C.

§§ 405(g) and 1383(c)(3), are (1) the Report and Recommendation of United States Magistrate

Judge William B. Mitchell Carter, recommending that Plaintiff's motion for judgment on the

pleadings be granted, and that Defendant's motion for judgment on the pleadings be denied, and

(2) Defendant's objection to the Report and Recommendation. (Dkt. Nos. 16, 18.) For the

reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety.

I.      **DEFENDANT'S OBJECTIONS**

Generally, Defendant argues that the Court should reject Magistrate Judge Carter's finding that the ALJ erred in evaluating the opinions of treating physician, Dr. Cole, regarding the amount of weight that Plaintiff could lift. (Dkt. No. 18, at 2-9.) Within this argument, Defendant argues that (1) the ALJ properly afforded little weight to the lifting restrictions opined by Dr. Cole (because the ALJ properly found that these lifting restrictions were inconsistent with Plaintiff's reported activities), and (2) Magistrate Judge Carter did not apply the deferential standard of review in declining to affirm the ALJ's RFC determination. (*Id.*)

II.     **APPLICABLE LEGAL STANDARD**

A district court reviewing a magistrate judge's Report and Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's Report and Recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord,* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a de novo determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord,* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 9-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 [N.D.N.Y. 2008]) (internal quotation marks omitted).

### III. ANALYSIS

The Court finds that Defendant's objection largely restates arguments presented in her initial brief . (*Compare* Dkt. No. 18 *with* Dkt. No. 13.) To the extent that Plaintiff's objection raises specific objections to Magistrate Judge Carter's findings, the Court reviews these portions of the Report and Recommendation *de novo*.

First, the Court agrees with Magistrate Judge Carter that the ALJ failed to follow the treating physician rule in assessing Dr. Cole's numerous opinions of Plaintiff's lifting restrictions for the reasons stated in the Report and Recommendation. (Dkt. No. 16.) Second, turning to Defendant's argument that Magistrate Judge Carter did not apply the deferential standard of review in declining to affirm the ALJ's RFC determination, the Court finds this argument without merit. After carefully reviewing the relevant filings in this action, including Magistrate Judge Carter's thorough Report and Recommendation, the Court finds that Magistrate Judge Carter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (*Id.*) Therefore, the Court accepts and adopts the Report and Recommendation in its entirety for the reasons stated herein and in the Report and Recommendation. (Dkt. No. 16.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Carter's Report and Recommendation (Dkt. No. 16) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **VACATED**; and it is further

**ORDERED** that the matter is **REMANDED** to the Commissioner of Social Security for further proceedings consistent with this Order.

Dated: August 25, 2016
     Syracuse, New York

                                       Hon. Glenn T. Suddaby
                                       Chief U.S. District Judge